ALCALA DEL OLMO *v.* ESTATE OF FERNÁNDEZ.

APPEAL from the District Court of Guayama.

No. 26.—Decided December 9, 1905.

MORTGAGE EXTENSION—EXECUTION PROCEEDING—EXECUTORY TITLE.—A deed of extension of a mortgage accepted by the debtor is an instrument which imports confession of judgment and constitutes a sufficient title upon which to base a proceeding for the foreclosure of the mortgage, without the necessity of presenting in such a case the original deed constituting the obligation.

ID.—EXCEPTIONS.—A violation of the provisions of article 1445 of the former Law of Civil Procedure cannot be alleged as an exception in an execution proceeding, wherein only the exceptions expressly enumerated in article 1462 of the said law are admissible.

ID.—ATTACHMENT OF FRUITS AND RENTS.—Questions arising in an execution proceeding with respect to judicial administration in case of an attachment upon the fruits and rents, must be heard and determined in a separate action.

ID.—SUMMARY FORECLOSURE PROCEEDING.—The jurisprudence established by the Supreme Court of Porto Rico, to the effect that the foreclosure of a mortgage must be accomplished by means of the special summary procedure established by the Mortgage Law, is not applicable to those cases wherein it is sought to obtain the execution of a mortgage constituted prior to the date on which the Mortgage Law went into effect, since in those cases the creditor may follow that procedure or the ordinary procedure as he may elect.

AGENT—AGENCY.—The acts of the agent cannot be considered as null and void unless it be shown that he has exceeded the limits of his agency.

MORTGAGE—RECOVERY OF INTEREST.—In order that the provisions of article 114 of the Mortgage Law may be applicable in a proceeding to foreclose a mortgage wherein it is sought to recover in addition to the principal the interest due and unpaid, it is necessary that it appear from the record that there are other credits subsequent to the mortgage which it is sought to foreclose.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Vias Ochoteco* for respondent.

MR. JUSTICE HERNANDEZ delivered the opinion of the court.

On July 11, 1897, Evaristo Alcala del Olmo brought foreclosure proceedings in the former Court of First Instance of Guayama, against the Estate of Vicente Fernández Monjardin, for the recovery of a mortgage credit. He alleged as facts: That by public deed of June 5, 1887, recorded in the registry of property, Jesus M. Texidor constituted in his favor a mortgage on an estate called Jájome, situated in the municipal district of Cayey, to secure the payment of a debt of 12,000 Mexican *pesos,* with interest at the rate of 9 per cent per annum, repayable on the same date in 1892; that by deed of June 7, 1891, also recorded, Texidor sold said estate to Vicente Fernández Monjardin, for 20,000 *pesos,* of which the purchaser retained the 12,000 *pesos* of the mortgage for payment to Alcala del Olmo on the date the sum fell due; that by another deed of November 21, 1892, likewise recorded in the registry of property, Alcala del Olmo granted Fernández

Monjardin an extension of five years for the payment of the mortgage debt, which thus became payable June 5, 1897; that as a consequence of the exchange from Mexican to provincial currency, the attorney in fact of the Estate of Vicente Fernández, the latter having died, and the attorney in fact of Alcala del Olmo, agreed to reduce the rate of exchange of the money to 2½ per cent, the law having fixed it at 5 per cent; and he closed with the prayer that the time of the extension for payment having expired without payment having been made, a writ of execution against the debtor Estate for the payment of the 12,000 Mexican *pesos,* reduced to 11,700 provincial *pesos,* by the discount agreed on of 2½ per cent, the payment of interest from June 5, 1897, and the costs estimated at 1,200 *pesos,* mortgaged estate with its products and live stock being attached.

To the complaint was attached as constituting a title amounting to confession of judgment, the first copy of the public deed of November 21, 1892, by which Alcala del Olmo granted an extension of five years to Fernández Monjardin for the payment of the mortgage debt of 12,000 *pesos,* and subsequently, also before the issuance of execution, the execution creditor presented the deed of June 7, 1891, by which Texidor sold the mortgaged estate to Fernandez, retaining the 12,000 *pesos* of the mortgage in order to pay it.

The Guayama court on July 15, 1897, directed that execution issue, and after demand for payment had been made on the Estate of Fernández, consisting of Belén Ortiz, widow of Fernández Monjardin, and Belén Fernández de Benito, and attachment was levied on the mortgaged estate and its growing products, no live stock being found. Ricardo Haddock was appointed receiver, and also, by order of the 17th of said month of July, at the request of the execution creditor, to take charge of the judicial administration of the growing products attached, with the obligation of rendering detailed accounts of his administration and furnish vouchers therefor to the court every six months or oftener if so required.

The Estate of Fernández opposed the execution, pleading the following exceptions:

1. An agreement not to enforce payment and novation of the contract with respect to the principal claimed, because the execution creditor and the execution debtor, through their respective agents, had agreed that the mortgage obligation should be understood as extended for another year, pending an agreement for an extension of five years, which the creditor subsequently granted in Madrid, although such extension was not embodied in a public instrument owing to the absence of a duly empowered agent of the debtor estate.

2. Payment of interest for one month; that is to say from June 5, 1897, to the same day of the following July, because such interest had already been paid.

3. That of *plus petitio,* on account of demand being made for interest for one month already paid, and a larger sum as principal and interest than those due, because the reduction from Mexican currency to provincial currency had been made by discounting 2½ per cent only, when the legal rate of discount was 5 per cent.

4. Lack of a title amounting to a confession of judgment, because the deed evidencing the debt was not attached to the complaint; that is to say the deed of June 5, 1887, by which Jesus M. Texidor constituted in favor of Evaristo Alcala del Olmo a mortgage on the Jájome estate to secure the payment of 12,000 Mexican *pesos;* and because an execution could not issue on the instrument presented, that is to say the instrument of extension of November 21, 1892, inasmuch as said instrument was executed by the agents of the creditor, Sobrinos de Ezquiaga, in open violation of the instructions of their principal, who had granted them authority to make such extension, but with the intervention of the real debtor, Jesus M. Texidor, who was not a party to said document; on these grounds, the defendant concluded with a prayer for an order denying the sale, or the dismissal of the proceedings, with the dissolution of the attachment in either case, with special

taxation of costs and the payment of damages against the execution creditor.

Counsel for Evaristo Alcala del Olmo, in answering the opposition to the execution, maintained the allegations of the complaint and acquiesced in the plea of *plus petitio,* to the extent of deducting 87.65 *pesos* for interest paid from June 5 to July 5, 1897.

During the period for the introduction of evidence, that proposed by the parties was heard, and after the execution creditor had assigned the debt claimed to his sister, Blanca Alcala del Olmo, the District Court of Guayama rendered the judgment shown in the following record:

"On November 29, 1904, this cause came on for trial, and the plaintiff appeared, represented by his counsel, the defendant not having appeared. Counsel for the plaintiff read the complaint and made a motion to amend the same, and presented a number of documents as evidence, which were attached to the record. The court, after hearing the complaint, sustaining the motion to amend and hearing the argument of counsel, reserved judgment. On this 30th day of December, 1904, the court adjudges: That it is of the opinion that the law and the facts are in favor of the plaintiff, and therefore orders that the latter recover from the defendant the sum of 11,700 provincial *pesos,* or its equivalent in American gold, with interest at 9 per cent. per annum from July 5, 1897, with the costs of these proceedings against the defendant. And in view of the fact that the claim of the plaintiff is secured by a mortgage on the estate described in the complaint and that an attachment has been levied thereon, the estate being described as follows: Rural property or estate consisting of 1,255 *cuerdas* of land, equivalent to 493 hectares, 28 ares, 56 centiares, situated in the *barrio* of Jájome Alto, municipal district of Cayey, bounded on the north by the mountain road; on the south by the ridge dividing the jurisdictions of Guayama and Cayey, and also by lands belonging to Antonio Suarez; on the east by lands of Antonio Ramon Vázquez, José Antonio and José María López and those of Juliana Torres; and on the west by the lands of Gregorio Vázquez and Lucas Díaz, which property is planted in coffee, containing in addition some pasture and wooded lands, with a dwelling house, a number of huts, warehouses and drying sheds for said product; it is ordered that said mortgage be foreclosed and that an order of sale

issue to the marshal, in order that he may proceed to sell said estate in due form at public sale within the limits of this courtroom, on any day at the hours fixed by law, after having given notice of the date, place and form of the sale, by means of publication once a week for three consecutive weeks in a newspaper of large circulation in this judicial district; and also giving notice thereof by means of three (*sic*) posters which shall be affixed, one on said estate, another at the entrance to this court of justice. And the marshal shall sell said estate to the highest bidder, executing the deed of sale to said estate. From the proceeds of the sale the marshal shall pay the costs of these proceedings and the expenses of this sale. He shall pay to the plaintiff or to his representative the sum awarded him by this judgment, and the balance of the proceeds shall be delivered to the defendant or his representative; and if the sale should not produce sufficient money to satisfy this judgment, it is ordered that execution issue against sufficient other property of the defendant to satisfy this judgment, thirty days' grace being granted him before the issuance of the order of sale. Done, pronounced and published in open court December 30, 1904.—Charles E. Foote. Angel Garcia, clerk.''

From this judgment counsel for the Estate of Fernandez took an appeal, filing a double brief in this Supreme Court, praying for the reversal of the judgment appealed from and the annulment of the execution proceedings from the filing of the complaint in execution or, in the event the annulment should not lie, that the judgment be modified by making the reduction from Mexican currency to provincial currency by a discount of 5 per cent, and then the reduction to American money as ordered in the judgment, the interest for three years only to be charged, owing to there being a second mortgage creditor, and furthermore that the debt be subjected to the result of the liquidation of the judicial administration of the mortgaged estate from July 17, 1897, to the date of the payment thereof.

The allegations made by the appellant in support of his claims may be summarized as follows:

1. The execution was instituted and prosecuted in accordance with the procedure provided for executory actions in the former Law of Civil Procedure, and was only pending

final judgment when the new law went into effect, for which reason a new trial could not be held, as was done by the Guayama court, without the consent of the adverse party at least, and without the previous trial having been annulled, the proceedings had being in consequence void.

2. As the procedure must be governed by the provisions of the former Law of Civil Procedure, the execution is void on account of the absence of an instrument showing confession of judgment, because the execution creditor did not present with his complaint the deed of June 5, 1887, by which Texidor constituted in favor of Alcala del Olmo the mortgage credit claimed, nor did he present the deed of sale of the mortgaged estate, executed on June 7, 1891, by Texidor to Fernández, which is another fundamental title of execution, which documents are so much more necessary because the instrument extending the mortgage, of November 21, 1898, which was attached to the complaint as an instrument importing confession of judgment, no longer forms part of the record, having been detached at the instance of the execution creditor himself, as was detached therefrom the deed of conveyance or alienation of the mortgage by Alcala del Olmo to his sister, Blanca.

3. The former Court of First Instance of Guayama violated article 1445 of the former Law of Civil Procedure, in issuing the writ of execution, because a mortgage execution being involved, only the property subject to the mortgage should have been attached, notwithstanding which fact the attachment was extended to all the property on the estate, and the estate was placed under judicial administration, causing its utter ruin.

4. In violation of the jurisprudence established by this Supreme Court in the cases of *Pizá* v. *Díaz, Viader* v. *Quiñones,* and *Marquez* v. *Aguilo,* to the effect that when the execution of a mortgage is involved, the special summary procedure of the Mortgage Law as established in its Regulations, must be

followed exclusively, it was prosecuted under the Law of Civil Procedure up to judgment.

5. The reduction from Mexican to provincial currency should have been made by taking as a basis of discount the legal rate of 5 per cent, and not 2 per cent, because Mariano Benito Heredia, in agreeing, on behalf of the Estate of Fernandez, with the attorney in fact of Evaristo Alcala del Olmo, that only 2½ per cent should be deducted, prejudiced said Estate and did not act as a prudent father of a family, thus violating the provisions of article 1719 of the former Civil Code, which is the equivalent of section 1621 of the Revised Code; hence there is no obligation on the part of the Estate of Fernandez to comply with the agreement made by its attorney in fact, Benito Heredia, on account of the latter having exceeded the scope of his authority, according to article 1727 of the old Code and section 1629 of the new Code.

6. As article 114 of the Mortgage Law in force, which conforms to article 122 of the old law, provides that a mortgage constituted to secure a credit which earns interest, shall not secure to the prejudice of a third person more than the interest for the two preceding years and that due for the portion of the current year which may have elapsed, it is evident that the execution creditor, in the event of his being successful, can collect only the interest for the year which began on the 5th of June of the current year and, in addition, the interest for the two preceding years, on account of said estate being subject to another subsequent mortgage in favor of the widow of Ardura.

With regard to the first allegation of the appeal, the minutes of the trial referred to show that at this act, at which the plaintiff only was present by his counsel, the latter read the complaint, made a motion amending it, and submitted a number of documents in evidence, which are attached to the record, the Guayama court reserving judgment after having heard the complaint and the argument of counsel and having

admitted the motion to amend said complaint, said amendment, according to the record, being confined to. an explanation to the effect that the 11,700 *pesos* to which the·debt was reduced by the exchange from Mexican to provincial currency, represented provincial money. We do not see that.any additional evidence was taken after that taken during the term allowed therefor by the former Law of Civil Procedure, because the documents·produced at the act called the holding of the trial formed a part of the.record, and it does not appear that the trial court, when it rendered judgment, took into consideration any other evidence than that heard within the legal period.

Under these circumstances it cannot be maintained that · the Guayama court held a new trial in accordance with the procedure provided for by the law of Civil Procedure which went into effect on July 1, 1904, because it did nothing more than accept the proceedings at the stage they had reached and terminate them in accordance with said Code, without granting any rights to the plaintiff which could prejudice the rights of the defendant.

The reading of the complaint, the granting of a motion to amend which explained it, and the presentation of documents already of record, could not have any bearing upon the final result of the proceedings, to the prejudice of the defendant, because the complaint read. and the documents presented had to be examined by the trial court for the decision of the case submitted to it, and the amendment to the complaint was a necessary consequence of the change of currency, in order to explain that 11,700 provincial *pesos,* and not American money, was claimed, which amendment, however, was unnecessary, because the letter and the context of the complaint clearly show that the total amount claimed was in provincial and not American money.

The public deed of November 21, 1892, by which Evaristo Alcala del Olmo granted Vicente Fernandez Monjardin an extension of five years for the payment of the mortgage debt,

which debt the latter agreed to pay when he acquired the Já-
jome estate mortgaged by Jesus Ma. Texidor, a copy of which
deed was attached to the complaint as proof of the debt
claimed being past due, was an instrument which imports a
confession of judgment according to subdivision 1 of article
1427 of the former Law of Civil Procedure, because said deed
in granting an extension for payment, accepted by the debtor,
caused the latter to ratify the existence of the debt extended;
and, therefore, even though the original deed establishing said
debt would have corroborated its existence, the presentation
thereof was superfluous; especially when the deed of June
7, 1891, by which Texidor sold to Fernandez the Jajome es-
tate, with the mortgage securing the debt sought to be recov-
ered, was presented before the issue of execution, as it was.
This debt is established in an authentic manner, and not even
the execution debtor has ventured to deny its existence. It
matters little that the document of November 21, 1892, which
served as a basis for the execution, was detached from the
record, because a record of the presentation of such docu-
ment remained there, as did a certificate to the effect that the
deed of June 5, 1887, by which Texidor constituted the mort-
gage debt in favor of Alcala del Olmo, and the other deed of
June 7, 1891, by which Fernandez in acquiring the estate of
Jajome undertook to pay said credit to Alcala del Olmo, had
been recorded in the registry of property.

Even on the assumption that article 1445 of the former
Law of Civil Procedure has been violated, such violation
would not avoid the execution proceedings, in which the ex-
ceptions specifically enumerated in article 1462 of the law
cited only are admissible. The questions relating to judicial
administration in the case of the attachment of rents and
products must be heard and determined in a separate pro-
ceeding, and in this case the Court of First Instance of
Guayama so ordered on July 17, 1897, directing at the same
time that the depositary and administrator, named Ricardo
Haddock, should render detailed accounts, supported by

vouchers, of his administration every six months or oftener if so required.

The jurisprudence established by this Supreme Court in the, cases cited by the appellant, to the effect that for the foreclosure of a mortgage the summary special procedure provided for by the Mortgage Law and its Regulations should be followed exclusively, is not applicable to this case which involves a mortgage which was constituted before the present Mortgage Law and its Regulations went into effect, because provision is made for such case in the paragraph preceding the last of subdivision 3 of article 175 of said Regulations, which provides that creditors who have their rights recorded prior to the law in force,. may choose the summary proceeding, from which provision it is to be deduced that they are at liberty to adopt it or to conform to that established by the Law of Civil Procedure, as was done by counsel for Evaristo Alcala del Olmo.

As to whether Mariano Benito Heredia violated the laws governing the contract of agency in agreeing, on behalf of the estate of Fernandez, with the attorney in fact of Evaristo Alcala del Olmo, that in fixing the amount of the debt and interest by reason of the change from Mexican to provincial currency, 2.5 per cent should be taken as a basis for the discount, and not 5 per cent the legal rate, we believe that this agreement cannot be considered void, unless it be shown that Benito Heredia exceeded the scope of his powers, which the record does not show, as it does not contain a copy of the power of attorney granted him by the Estate of Fernandez; and we maintain, furthermore, that if Benito Heredia failed to conform to the instructions of the principal Estate when he made that agreement, or that, in the absence of such instructions, he did not act as a diligent father of a family, the Estate of Fernández could enforce the rights it might have against him, but not against Evaristo Alcala del Olmo who was dealing with the estate of Fernández duly represented. Furthermore, the Estate of Fernández ratified this agreement,

taking as a basis for the payment of interest, the liquidation of the debt agreed upon between Benito Heredia and Alcala del Olmo, on the basis of a 2.5 per cent discount.

The question has not been discussed in these proceedings as to whether there was a subsequent mortgage in favor of the widow of Andura on the estate upon which Alcala del Olmo held the mortgage, nor is there the slightest evidence of the constitution of such a mortgage. There is, therefore, nothing upon which to base a decision as to whether or not article 114 of the Mortgage Law applies to this case. The widow of Andura may enforce any rights she may have at the proper time, and in the proper manner and form.

Finally, the collection of the debt claimed cannot be subjected to the result of the liquidation of the judicial administration of the mortgaged estate, and if that administration has been prejudicial and even ruinous to the Estate of Fernandez, it has means of enforcing its rights without further delaying the payment of a certain, net and past due debt.

We are of opinion, therefore, in view of all that has been stated, that the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.